# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| MATTHEW L. PAGE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DADRIAN JONES, et al., )<br>)<br>Defendants. ) | No. 1:13CV99 SNLJ |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Matthew Page (registration no. 1192422), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.25. See 28 U.S.C. § 1915(b)(1). Additionally, the Court finds that the complaint fails to state a claim upon which relief can be granted. However, the Court will allow plaintiff to file an amended complaint rather than dismiss the complaint at this time.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $6.25, and an average monthly balance of $0.04. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.25, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against five correctional officers for excessive force and for failure to protect him from harm.  Named as defendants are Dadrian Jones, Unknown Brown, Ryan D. Moss, Joseph B. Enderle, and Unknown Parker, all of whom were employed at Southeast Correctional Center ("SECC") at the time giving rise to the complaint.

Plaintiff alleges that on January 5, 2013, while he was handcuffed, Jones shoved him into his cell, slammed him on the floor, and slammed his head on the floor knocking him unconscious.  Plaintiff says Brown assisted Jones, and he claims Brown forced him into a "hogtied" position while he was unconscious.  Plaintiff maintains that other inmates saw this and reported it to him.

Case: 1:13-cv-00099-SNLJ   Doc. #:  4   Filed: 07/17/13   Page: 4 of 6 PageID #: 19

Plaintiff says that Ross stood by, laughing and joking about plaintiff's situation. Plaintiff also claims that Ross refused to take photographs of plaintiff's injuries.

Plaintiff alleges that Parker and Enderle also watched the situation happen and did nothing to protect him.

Plaintiff asserts that he suffered injuries as a result, including a broken tooth and temporary memory loss.

## Discussion

The complaint states a plausible cause of action against defendants for excessive force and for failure to protect plaintiff from harm. However, plaintiff has not properly alleged individual capacity claims against the defendants.

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either

a State nor its officials acting in their official capacity are 'persons' under § 1983." Id.  As a result, the complaint fails to state a claim upon which relief can be granted.

Because plaintiff is proceeding pro se, the Court will allow plaintiff to file an amended complaint.  Plaintiff shall have thirty days from the date of this Order to file an amended complaint.  Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned.  E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005).  Plaintiff must reallege each of his claims, and he must comply with the pleading requirements if he wishes to sue defendants in their individual capacities.  If plaintiff fails to file an amended complaint within thirty days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint within thirty (30) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.25 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

Dated this 17th day of July, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE